AL ROSENFELD *v.* UNITED STATES

No. 5223.—Invoice dated Paris, France, September 15, 1936.
Entered at New York September 24, 1936.
Entry No. 740155.

(Decided April 18, 1941)

*Siegel & Mandell (Sidney Mandell* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General *(Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise contained in the invoice embraced in the entry covered by the reappraisement enumerated above, consists of bottles and jars, similar in all material respects to the merchandise the subject of *United States* v. *Guerlain Inc.,* decided in C. A. D. 146.

IT IS FURTHUR STIPULATED AND AGREED that the invoice was appraised upon the cost of production under section 402–(f) of the Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED that the issue with respect to said merchandise, covered by the reappraisement enumerated above, is the same as the issue involved in the case of *United States* v. *Guerlain, Inc.,* supra.

IT IS FURTHER STIPULATED AND AGREED, that the invoice unit value, plus 15%, plus cases and packing, is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added, in the case of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

IT IS FURTHER STIPULATED AND AGREED, between the parties hereto, that the record in C. A. D. 146 be incorporated and made a part of the record in the reappraisement case enumerated above and that the reappraisement case be deemed submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, is the proper

basis for the determination of the value of the merchandise here involved, and that such values for the bottles and jars involved are the invoice unit values, plus 15 per centum, plus cases and packing.

Judgment will be rendered accordingly.